**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NAAWETH ROY, individually;
CHARLES L. ROY, Personal
Representative of the Estate of
Charles Jason Roy; DORIS ROY,
Personal Representative of the
Estate of Charles Jason Roy,

Plaintiffs-Appellants,

v.

NORTHWESTERN NATIONAL LIFE
INSURANCE COMPANY,
Defendant-Appellee.

No. 97-2229

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-96-3268-S)

Argued: January 28, 1998

Decided: April 13, 1998

Before WILKINSON, Chief Judge, and ERVIN and
HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Malcolm Bruce Kane, LLOYD, KANE, WIEDER &
WILLIS, P.A., Ellicott City, Maryland, for Appellants. Charles

Michael Deese, CHARAPP, DEESE & WEISS, L.L.P., Washington, D.C., for Appellee. **ON BRIEF:** Sarah D. Jackowski, CHARAPP, DEESE & WEISS, L.L.P., Washington, D.C.; Deborah Klein, HAL-LELAND, LEWIS, NILAN, SIPKINS & JOHNSON, P.A., Minneapolis, Minnesota, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Naaweth Roy, the beneficiary of a life insurance policy application submitted by her brother, Charles Roy, appeals summary judgment granted to the insurance company, Northwestern National Life Insurance Company ("NWNL"). Roy and her parents ("the Roys") brought an action to recover $100,000 on what they allege was a valid life insurance policy that was in full effect at the time of Charles Roy's death.

On December 5, 1995, Charles Roy met with an NWNL agent, Jonathan Kurtz, in Kurtz' office in Vienna, Virginia. Roy applied for a $100,000 life insurance policy. During the course of this meeting, Kurtz asked Roy several questions related to his medical history and present health. Based on Roy's answers to these questions and information from his application, Kurtz determined that Roy was qualified for "temporary insurance."

Kurtz provided Roy with a Temporary Insurance Agreement and Receipt. The agreement clearly stated that the "insurance you applied for is <u>not</u> now in effect." <u>J.A.</u> at 9 (emphasis in original). Insurance coverage under the temporary agreement was contingent upon certain conditions being met, including that "[a]ll parts of the Application, including medical exams and tests, if required, are completed, and no material misstatements were made." <u>J.A.</u> at 9.

2

According to Kurtz, he explained to Roy that on applications for coverage of $100,000 or greater, NWNL required applicants to undergo a fasting blood and urine test, and that the insurance would not go into effect, pursuant to the contract terms, until he provided blood and urine samples for testing. He also informed Roy that APPS (the testing service provider) would contact him to obtain samples of blood and urine. Roy gave Kurtz a $200 check, payable to NWNL, for the policy's first premium, and NWNL subsequently deposited that check.

On December 9, 1995, four days after meeting with Kurtz, Roy was involved in a single-car accident in New Jersey that resulted in his death. Shortly after the accident, APPS attempted to contact Roy to obtain blood and urine samples but was informed that he had died. APPS then notified Kurtz and NWNL of Roy's death. On December 14, 1995, after having been given notice of Roy's death, NWNL received from Kurtz the application for Roy's life insurance. NWNL denied Roy's application because he had not given blood or urine samples to APPS for testing and thus had not completed the application process as required by the temporary insurance agreement. NWNL claims it refunded Roy's $200 premium although the Roys state that they never received the check.

In September 1996, the Roys sued NWNL in a Maryland state court for payment of the $100,000 they claim is due under the temporary insurance agreement. Although he worked in Virginia, Roy had been a Maryland resident prior to his death. NWNL removed the case to federal district court in Maryland based on diversity of citizenship. After a period for discovery, the district court granted NWNL's motion for summary judgment. The district court held that Virginia law, rather than Maryland law, should provide the substantive law applicable to this case and that the Roys' claim failed as a matter of contract law in Virginia.

On appeal, the Roys contend that the district court erred in its choice of law analysis: they argue that Maryland law, rather than Virginia law, should apply to this dispute. The Roys concede, in their brief and at oral argument, that Virginia law affords them no relief on their claim. See Appellant's Br. at 2 & 12. Upon consideration of oral argument, the parties' briefs, the record, and applicable law, we con-

3

clude that the district court did not err in its choice of law analysis. We agree with the reasoning of the district court and, accordingly, affirm the judgment of the district court on that basis. <u>See Roy v. Northwestern Nat'l Life Ins. Co.</u>, 974 F. Supp. 508, 512 (D. Md. 1997).

<u>AFFIRMED</u>

4